NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MELVA DAWN CRANDELL, *Plaintiff/Appellant,*

*v.*

ALI AZADI, *Defendant/Appellee.*

No. 1 CA-CV 25-0262

FILED 10-02-2025

Appeal from the Superior Court in Maricopa County
No.  CV2024-013464
The Honorable John L. Blanchard, Judge

**VACATED AND REMANDED**

COUNSEL

Melva Dawn Crandell, Clay Springs
*Plaintiff/Appellant*

Kent & Wittekind PC, Phoenix
By Peter M. Wittekind, Steven T. Long
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

_____

Judge Michael S. Catlett delivered the decision of the Court, in which Acting Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

_____

**C A T L E T T**, Judge:

**¶1**        Melva Dawn Crandell appeals the superior court's judgment dismissing her medical malpractice action against Dr. Ali Azadi for failing to comply with A.R.S. § 12-2603 by not providing an expert opinion affidavit. Because the court did not consider whether Crandell is exempt from providing an expert affidavit under the res ipsa loquitur doctrine, we vacate and remand for it to do so in the first instance.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        On August 19, 2022, Dr. Azadi performed surgery on Crandell, during which he placed a V-Loc suture in her abdomen. The suture's tail wrapped around Crandell's intestines requiring a second surgery to treat a bowel obstruction.

**¶3**        Crandell sued Dr. Azadi for medical malpractice, alleging he failed to properly trim the tail of the V-Loc suture. She claimed "[e]very doctor who performs V-Loc sutures would know the proper way to treat their long tail, simply by trimming them off to the proper length[.]" Crandell argued a preliminary expert opinion affidavit was unnecessary because "a common person can understand the Defendant's negligence."

**¶4**        Believing an expert opinion affidavit was necessary, Dr. Azadi moved under § 12-2603 for an order requiring one. The superior court ordered Crandell to serve an affidavit on Dr. Azadi. When Crandell did not do so, Azadi moved to dismiss. Crandell responded that the res ipsa loquitur doctrine exempts her from having to serve an affidavit. Rejecting that argument, the court concluded there are no exceptions to the affidavit requirement and dismissed Crandell's complaint without prejudice.

**¶5**        Crandall timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(3). *See Garza v. Swift Transp. Co.*, 222 Ariz. 281, 284 ¶ 15

(2009) (a dismissal without prejudice entered after expiration of the statute of limitations is a final, appealable order).

## DISCUSSION

**¶6**        We review de novo a judgment dismissing a complaint for failure to comply with § 12-2603. *Francisco v. Affiliated Urologists Ltd.*, 258 Ariz. 95, 100 ¶ 18 (2024).

**¶7**        Subsection 12-2603(A) requires a claimant in a medical malpractice action to certify whether "expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim."  If the claimant certifies that such testimony is unnecessary, the health care professional may seek an order requiring the claimant to serve a preliminary expert opinion affidavit.  A.R.S. § 12-2603(D).  If the court agrees that an affidavit is necessary, it sets a deadline to comply.  A.R.S. § 12-2603(E).  The court must dismiss the claim without prejudice if the claimant fails to comply with its deadline.  A.R.S. § 12-2603(F).

**¶8**        The superior court's conclusion that there are no exceptions to the affidavit requirement, even when a claimant relies on res ipsa loquitur, is inconsistent with our supreme court's recent opinion in *Francisco*.  There, the court explained that the "only exception to the statutory requirement for expert testimony lies within the common-law doctrine of res ipsa loquitur." 258 Ariz. at 101 ¶ 25; *see also Sanchez v. Old Pueblo Anesthesia P.C.*, 218 Ariz. 317, 321 ¶ 14 (App. 2008) (A.R.S. § 12-2603 does not expressly require expert testimony in cases applying the res ipsa loquitur doctrine), *disapproved of on other grounds by Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 164 ¶¶ 17–19 (2017).

**¶9**        Here, despite Crandell's request that the court consider whether res ipsa loquitur applies based on the facts in her case, the court refused to do so.  The court instead believed that the doctrine cannot exempt a claimant from the expert affidavit requirement.  The court erred as a matter of law by concluding there are no exceptions to § 12-2603.

**CONCLUSION**

**¶10**       We vacate the court's ruling and remand for it to determine in the first instance whether, based on the facts in this case, the doctrine of res ipsa loquitur exempts Crandell from having to serve an expert affidavit. We express no view on that question.  We award appellate costs to Crandell upon compliance with Arizona Rule of Civil Appellate Procedure 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:              JR